UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Krissy Ann Gorski, | Case No. 22-cv-2346 (WMW/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Mistell Starr, Michael Segal, and Andre Matevousian, | |
| Respondents. | |

Under 18 U.S.C. § 3624(c)(2), a federal prisoner may be placed "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, has temporarily broadened the authority of the Federal Bureau of Prisons ("BOP") to place prisoners in home confinement beyond what would otherwise be permitted by § 3624(c)(2). Whereas the BOP previously could place a federal prisoner in home confinement only for the last few months of her sentence, the BOP now—for the time being, at least—may do so at any time and for any duration. *See, e.g.*, *Garcia v. Eischen*, No. 22-CV-0444 (SRN/BRT), 2022 WL 4084185, at *1 (D. Minn. Aug. 16, 2022) (discussing the operation of the CARES Act).

Petitioner Krissy Ann Gorski is a prisoner currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. Gorski, like every federal prisoner, is statutorily eligible for home confinement under the CARES Act. But the BOP has denied

1

her requests to be placed on home confinement, offering two reasons. First, Gorski has only just started serving the 60-month term of imprisonment imposed for her offense. *See United States v. Gorski*, No. 2:20-CR-20018-02-DDC, ECF No. 142 (D. Kan. Mar. 4, 2022) (sentencing judgment). Although the strict time limits of § 3624(c)(2) do not preclude the BOP from placing Gorski on home confinement, the BOP has generally required that prisoners seeking home confinement under the CARES Act have "served 50 percent or more of the individual's sentence; or has 18 months or less remaining on their sentence and has served 25 percent or more of the sentence." *Garcia*, 2022 WL 4084185, at *1. Right now, Gorski does not come close to meeting that qualification. Second, the BOP has generally required that prisoners seeking placement on home confinement under the CARES Act have either a low or minimum risk of recidivism, as assessed by a diagnostic tool that the BOP has created. *See id.*; Pet. Ex. at 2, 7 [ECF No. 1-1]. Gorski, whose "criminal history score at sentencing was 18, placing her in the highest criminal history category," *United States v. Gorski*, No. 2:20-CR-20018-02-DDC, 2022 WL 4482483, at *2 (D. Kan. Sept. 27, 2022), has been adjudged by the BOP currently to have a high risk of reoffending upon release, *see* Pet. Ex. at 2.

This matter is now before the Court on Gorski's petition for a writ of habeas corpus, in which she requests that the Court "enforc[e] compliance with the CARES Act."[1] Petition at 8 [ECF No. 1] (emphases removed). The Court has reviewed the petition

---

[1] Gorski is somewhat ambiguous about the specific relief she is requesting. On the one hand, Gorski disclaims that she is "asking the court to give me placement in home confinement." Petition at 8. On the other hand, Gorski, asserts that she "qualif[ies] for [the] CARES Act + want it's [sic] provision within 28 days." *Id*.

2

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] After review, this Court concludes that Gorski's claims are not cognizable on habeas review and therefore recommends that the petition be denied.

There are two problems with Gorski's habeas petition. First, it is well-established that 18 U.S.C. § 3621(b) commits to the BOP broad discretion regarding where a federal prisoner should be placed for the duration of her custodial term: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *See also Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006). It is also well-established that the CARES Act did not change the broad grant of discretion given to the BOP concerning placement decisions, including decisions regarding whether to place a prisoner on home confinement. *Kern v. Fikes*, No. 21-CV-2211 (WMW/LIB), 2022 WL 2959973, at *6 (D. Minn. June 16, 2022) (collecting cases). Federal courts lack the authority to order that a prisoner be placed at a specific facility or home confinement, or to direct the BOP to make such a placement decision itself.

Second, even if Gorski could plead that she is entitled to home confinement under the CARES Act (or to administrative reconsideration of her request), the claim would not be appropriately raised through a habeas petition. "If the prisoner is not challenging the validity of [her] conviction or the length of [her] detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Gorski's claim that she is entitled to release on home

---

[2] Gorski's petition is now brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to her petition. *See* Rule 1(b).

confinement (or, at a minimum, entitled to reconsideration of the decision not to be released on home confinement) has nothing to do either with the validity of her conviction or with the length of her detention. "Home confinement is not release from custody . . . ; it is simply one of several forms of BOP custody." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021)). Accordingly, "[a] legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement" and does not amount to a cognizable claim on habeas review. *See id*.

That Gorski challenges the conditions of her confinement rather than the fact or duration of her confinement is a jurisdictional defect in the habeas petition. *See Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014). And because the Court lacks jurisdiction over the petition, it is recommended that the petition be dismissed without prejudice.[3]

---

[3] A mislabeled habeas petition may be recharacterized into the correct procedural vehicle to mend this jurisdictional problem, *see Spencer*, 774 F.3d at 471, but recharacterization of the petition in this matter would be futile: As explained above, § 3621(b) precludes the Court from making decisions regarding the proper locus of Gorski's placement. This would remain true even if Gorski had presented her claim in a pleading other than a habeas petition.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: December    8   , 2022              *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *Gorski v. Starr et al.*
                                            Case No. 22-cv-2346 (WMW/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).